**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DALTON MICHAEL BROWN, a/k/a TREVOR BROWN,** | : | |
| **Plaintiff** | : | **CIVIL ACTION NO. 1:05-CV-559** |
| **v.** | : | **(Judge Kane)** |
| **ROGER THOMAS; JOSEPH P. SALLEMI; DONALD MONICA,** | : | |
| **Defendants** | : | |

**MEMORANDUM AND ORDER**

Before the Court are motions to dismiss Plaintiff's Amended Complaint filed by Defendants Roger Thomas and Joseph P. Sallemi. (Doc. Nos. 20, 22.) The motions have been fully briefed and are ripe for disposition. For the reasons that follow, the motions will be granted.

## I. BACKGROUND

Plaintiff was confined in the York County Prison as an ICE detainee from July 9, 2004 to December 16, 2004. (Doc. No. 6 at ¶ 2.) On July 12, 2004, Plaintiff informed a nurse in the York County Prison about a spinal pain resulting from bullet fragments that remained in or near Plaintiff's spinal column. (Id. at ¶ 18.) In response, the nurse recommended that Plaintiff be placed on a bottom bunk and be scheduled to see a physician. (Id.) On July 14 and 15, 2004, Plaintiff was treated by a physician assistant who prescribed medication to treat Plaintiff's discomfort. The physician assistant told Plaintiff that he could not recommend surgery at this time. (Id. at ¶¶ 19-20.)

On August 23, 2004, Plaintiff submitted a complaint to the Inmate Complaint Review

System. Subsequently, ICE approved Plaintiff's request for a surgical consultation with an orthopedic surgeon. (Id. at ¶ 22.) On October 1, 2004, Plaintiff was evaluated by an orthopedic surgeon who refused to perform surgery due to fear of further neurological complications. (Id. at ¶ 23.) Plaintiff appealed the surgeon's decision to Defendant Thomas, and requested to see another specialist for a second opinion. Defendant Thomas denied Plaintiff's appeal and Deputy Warden Dennis Bowen concurred in the denial.

Plaintiff initiated this civil action by a petition for writ of habeas corpus filed on March 21, 2005. Plaintiff filed an amended complaint on April 6, 2005 alleging violations of the Federal Civil Rights Act, 42 U.S.C. § 1983. (Doc. No. 6.) In the Amended Complaint, Plaintiff asserts a claim for violation of his constitutional right to be free from cruel and unusual punishment pursuant to the Eighth Amendment of the United States Constitution against the following Defendants: Roger Thomas, Deputy Warden of York County Prison; Joseph Sallemi, Officer in Charge of Immigration and Customs Enforcement ("ICE") at York County Prison; and Donald Monica, District Director of ICE.[1] (Id.) On April 29. 2005, the Court ordered the action to be docketed as a civil rights matter and directed the Clerk of Court to serve Plaintiff's Amended Complaint upon Defendants. (Doc. No. 12.) Defendants have moved to dismiss the claims against them for failure to state a claim upon which relief can be granted pursuant to Rule

[1] The Court notes that Defendant Monica serves as the Philadelphia District Director of the United States Citizenship and Immigration Services, not as the Director of the United States Immigration and Customs Enforcement. Because of this error, Defendant Monica was not properly served with a copy of the Complaint and has not entered an appearance in this action. Even if the Court liberally construes the Complaint as asserting a claim against a policy maker within ICE, for the reasons discussed below, the Court finds that Plaintiff has failed to allege any violation of his Eighth Amendment rights. Accordingly, the Court will dismiss the Complaint as to all defendants.

12(b)(6) of the Federal Rules of Civil Procedure. (Doc. Nos. 20, 22.)

## II. STANDARD OF REVIEW

A motion to dismiss tests the legal sufficiency of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). When considering a motion to dismiss, the court accepts as true all factual allegations contained in the complaint and views them in the light most favorable to the plaintiff. United States Express Lines Ltd. v. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). The plaintiff is required to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist." Kost, 1 F.3d at 183 (citations omitted). A court should grant a motion to dismiss only if it appears the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Wisniewski v. Johns-Manville Corp., 759 F.2d 271, 273 (3d Cir. 1985) (citations omitted).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990). The burden is on the moving party to show that no claim has been stated. Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). However, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 908 (3d Cir. 1997). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Lake v. Arnold, 112 F.3d 682, 688 (3d Cir. 1997) (citing Scheuer v.

Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Harlow v. Fitzgerald, 457 U.S. 800 (1982)).

## III. DISCUSSION

To prevail in an action under 42 U.S.C. § 1983, a plaintiff must demonstrate a violation of a right secured by the Constitution or the laws of the United States. In addition, a plaintiff must show that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988) (citations omitted); Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000). Plaintiff has alleged that Defendants acted under color of law to violate his Eighth Amendment right to be free from cruel and unusual treatment. (Doc. No. 6 at ¶ 15.) Plaintiff contends that he received insufficient and improper medical care for his back injury. Specifically, Plaintiff alleges that Defendants failed to provide him with a surgeon who was willing to perform surgery to remove the metallic fragments in and around his spinal column. (Doc. No. 6 at ¶¶ 23-26.) The Defendants have moved to dismiss the Complaint for failure to state a claim upon which relief can be granted. (Doc. Nos. 20, 22.)

In order to establish a violation of the Eighth Amendment right to adequate medical care, a plaintiff must show (a) a serious medical need, and (b) acts or omissions by prison officials that indicate deliberate indifference to that need. Rouse v. Plantier, 182 F.3d 192, 197 (3d Cir. 1999) (citing Estelle v. Gamble, 429 U.S. 97, 104-5 (1976)). A medical need is serious if it "has been diagnosed by a physician as requiring treatment or . . . is so obvious that a lay person would easily recognize the necessity for a doctor's attention." Monmouth County Corr. Inst'l Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987). Plaintiff has established that he has an injury to his back in that he has bullet fragments in and around his spinal column. Defendants do not

dispute that this is a serious injury that requires medical attention. The question, therefore, is whether Defendants were deliberately indifferent to Plaintiff's serious medical needs.

Deliberate indifference is a "subjective standard of liability consistent with recklessness as that term is defined in criminal law." Nicini v. Morra, 212 F.3d 798, 811 (3d Cir. 2000) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)). The United States Supreme Court has held that finding a prison official liable for violating a prisoner's Eighth Amendment rights requires proof that the official "knows of and disregards an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837. The "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. The Third Circuit has found deliberate indifference "in situations where 'necessary medical treatment is delayed for non-medical reasons'" or the defendants "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." Natale, 318 F.3d at 582 (quoting Monmouth County Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987)).

Defendants argue that the Complaint should be dismissed because Plaintiff received adequate medical treatment while he was detained and, therefore, cannot establish that his constitutional right to adequate medical care was violated. Plaintiff admits that he was seen by medical professionals upon his complaint of back pain and he was prescribed medication to treat his discomfort. On July 12, 2004, Plaintiff was seen by a nurse who recommended that Plaintiff be placed on a bottom bunk and be scheduled to see a physician. (Doc. No. 6 at ¶ 18.) On July 14 and 15, 2004, Plaintiff was treated by a physician assistant who prescribed medication to treat Plaintiff's discomfort. On August 23, 2004, Plaintiff submitted a complaint to the Inmate Complaint Review System, and subsequently, ICE approved Plaintiff's request for a surgical

consultation with an orthopedic surgeon. (Id. at ¶ 22.) On October 1, 2004, Plaintiff was evaluated by an orthopedic surgeon who refused to perform surgery due to fear of further neurological complications. (Id. at ¶ 23.)

It is clear from Plaintiff's allegations that Defendants provided him with medical care. Plaintiff's allegations do not give rise to a claim of deliberate indifference; rather Plaintiff merely disagrees with the course of treatment provided to him. "'Where a[n] [inmate] has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgment and to constitutionalize claims which sound in state tort law.'" United States ex rel. Walker v. Favette County, 599 F.2d 573, 575 n.2 (3d Cir. 1979) (quoting Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976)); see also Parham v. Johnson, 126 F.3d 454, 458 n.7 (3d Cir. 1997) (it is "well-established law in this and virtually every circuit that actions characterizable as medical malpractice do not rise to the level of 'deliberate indifference'"). Thus "physicians' decisions not to perform particular tests or diagnostic measures on a[n] [inmate] will not support a § 1983 claim." Thomas v. Zinkel, 155 F. Supp 2d 408, 411 (E.D. Pa. 2001) (citing Estelle v. Gamble, 429 U.S. 97, 107 (1976)). Accordingly, the Complaint's allegations do not give rise to a valid claim for inadequate medical care under the Fourteenth Amendment and therefore, Defendants' motions to dismiss will be granted.

## IV. CONCLUSION

Based on the foregoing, the Court concludes that Defendants' motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure will be granted. As a general rule, a court should allow a plaintiff leave to amend a complaint prior to dismissal. However,

dismissal without leave to amend is permissible where amendment would be futile. Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004). Because Plaintiff received the medical attention owed to him under the Eighth Amendment, the Court finds that leave to amend the Complaint would be futile.

## V. ORDER

**AND NOW**, on this 8th day of February, 2006, upon consideration of the foregoing, **IT IS HEREBY ORDERED THAT** Defendants' motions to dismiss (Doc. Nos. 20, 22) are **GRANTED** and Plaintiff's Amended Complaint (Doc. No. 6) is **DISMISSED**. The Clerk of Court is directed to close the file.

S/ Yvette Kane
Yvette Kane
United States District Judge